UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSE and VENEDITA ACOSTA,                                    No. 08-11411

Debtor(s).
_____/

Memorandum re Chapter 13 Plan Providing for Balloon Payment
_____

     Secured creditor GMAC Mortgage, LLC, holds a first deed of trust on the debtors' real

property at 2501 McMillan Street, Napa, California. Debtors Jose and Venedita Acosta have proposed

a Chapter 13 plan which provides:

> Debtors shall make adequate protection payments, to the Trustee, in the sum of
> $1,874.41. Principal shall be paid in one installment upon Debtors' refinance or sale
> of the Real Property. Such refinance or sale shall occur between 48 and 60 months
> of the effective date of the Plan and, at such time, the adequate protection payments
> shall cease and Debtors' monthly Chapter 13 Plan payment shall decease
> accordingly.

The debtors assert, and GMAC does not contest, that the property is not the debtors' principal residence

so that the anti-modification provisions of § 1322(b)(2) of the Bankruptcy Code do not apply. GMAC

argues that the form of modification the debtors propose is not permissible. The court agrees, albeit for

a different reason than that argued by GMAC.

     GMAC relies primarily on *In re Enewally*, 368 F.3d 1165, 1171 (9th Cir. 2004), which holds that

when a secured creditor's rights are being modified by a Chapter 13 plan the modified payments cannot

1

1   extend beyond the 60-month maximum life of a Chapter 13 plan.   The debtors' plan does not violate

2   the holding of *Enewally* because GMAC is to be paid in full within 60 months.   However, by proposing

3   a balloon payment at the end, the plan violates the "equal payments" provision of

4   §1325(a)(5)(B)(iii)(I) added by Congress in 2005.

5          Section 1325(a)(5)(B)(iii)(I) provides that if the plan calls for payments to a secured creditor,

6   those payments shall be in equal monthly amounts.   This provision eliminates the sort of plan the

7   debtors have proposed with "adequate protection" payments for a few years and a balloon payment at

8   the end.   As the court noted in rejecting this sort of plan in *In re Hamilton*, 401 B.R. 539, 543 (1st Cir.

9   BAP 2009):

10          Overwhelmingly, courts have held that by its very terms, a balloon payment is not
           equal to the payment that preceded it, and thus violates § 1325(a)(5)(B)(iii)(I) with
11          respect to periodic payments on a secured claim under a chapter 13 plan. See *In re
           Carman*, 2008 WL 2909863, at *1 (Bankr.D.Mass. July 25, 2008); *In re Wallace*,
12          2007 WL 3531551 (Bankr.M.D.N.C. Nov. 12, 2007); *In re Luckett*, 2007 WL
           3125278, at *2; *In re Newberry*, 2007 WL 2029312, at *3-4 (Bankr.D.Vt. July 10,
13          2007); *In re Lemieux*, 347 B.R. 460, 463 (Bankr.D.Mass.2006); *In re Wagner*, 342
           B.R. 766, 772 (Bankr.E.D.Tenn.2006); *In re DeSardi*, 340 B.R. 790, 805
14          (Bankr.S.D.Tex.2006); see also William J. McLeod, Trick or Treat: A (Not-So)-Scary
           Look at Equal Monthly Payments Under § 1325(a)(5), 24-Oct. Am. Bankr.Inst. J. 14
15          (2008); but see *In re Davis*, 343 B.R. 326, 328 (Bankr.M.D.Fla.2006). Here, the
           Debtor's plan provides for a balloon payment at or near completion of the plan. By its
16          very terms, the balloon payment is not equal to the preceding payments and therefore
           it is prohibited by § 1325(a)(5)(B)(iii)(I).

17

18          While there is no binding authority on the issue in this circuit, *Hamilton* appears to be a

19   correct interpretation of the law and the court will accordingly follow it.   The objection of GMAC

20   will accordingly be sustained and confirmation denied.   Counsel for GMAC shall submit an

21   appropriate form of order.

22   Dated:  May 7, 2009

23

24                                                   Alan Jaroslovsky
                                                     U.S. Bankruptcy Judge
25

26

                                                     2