UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSE and VENEDITA ACOSTA,   No. 08-11411

Debtor(s).
_____/

Memorandum on Motion for Reconsideration
_____

Secured creditor GMAC Mortgage, LLC, holds a first deed of trust on the debtors' real property at 2501 McMillan Street, Napa, California. Debtors Jose and Venedita Acosta have proposed a Chapter 13 plan which provides:

> Debtors shall make adequate protection payments, to the Trustee, in the sum of $1,874.41. Principal shall be paid in one installment upon Debtors' refinance or sale of the Real Property. Such refinance or sale shall occur between 48 and 60 months of the effective date of the Plan and, at such time, the adequate protection payments shall cease and Debtors' monthly Chapter 13 Plan payment shall decease accordingly.

The property is rental or investment property, not the debtors' residence, so that the anti-modification provisions of § 1322(b)(2) of the Bankruptcy Code do not apply. GMAC originally argued that the form of modification the debtors propose is not permissible, relying on *In re Enewally*, 368 F.3d 1165, 1171 (9th Cir. 2004), which holds that when a secured creditor's rights are being modified by a Chapter 13 plan the modified payments cannot extend beyond the 60-month maximum life of a Chapter 13 plan. The court found that the debtors had avoided the effect of *Enewally* because

GMAC is to be paid in full within 60 months. However, in avoiding *Enewally* the debtors ran into another problem: by proposing a balloon payment at the end, their plan violated the "equal payments" provision of §1325(a)(5)(B)(iii)(I) added by Congress in 2005. Finding confirmation barred by this section, the court sustained GMAC's objection. The debtors have now moved for reconsideration.

Section 1325(a)(5)(B)(iii)(I) provides that if the plan calls for payments to a secured creditor, those payments shall be in equal monthly amounts. This provision eliminates the sort of plan the debtors have proposed with "adequate protection" payments for a few years and a balloon payment at the end. As the court noted in rejecting this sort of plan in *In re Hamilton*, 401 B.R. 539, 543 (1st Cir. BAP 2009):

> Overwhelmingly, courts have held that by its very terms, a balloon payment is not equal to the payment that preceded it, and thus violates § 1325(a)(5)(B)(iii)(I) with respect to periodic payments on a secured claim under a chapter 13 plan. See *In re Carman*, 2008 WL 2909863, at *1 (Bankr.D.Mass. July 25, 2008); *In re Wallace*, 2007 WL 3531551 (Bankr.M.D.N.C. Nov. 12, 2007); *In re Luckett*, 2007 WL 3125278, at *2; *In re Newberry*, 2007 WL 2029312, at *3-4 (Bankr.D.Vt. July 10, 2007); *In re Lemieux*, 347 B.R. 460, 463 (Bankr.D.Mass.2006); *In re Wagner*, 342 B.R. 766, 772 (Bankr.E.D.Tenn.2006); *In re DeSardi*, 340 B.R. 790, 805 (Bankr.S.D.Tex.2006); see also William J. McLeod, Trick or Treat: A (Not-So)-Scary Look at Equal Monthly Payments Under § 1325(a)(5), 24-Oct. Am. Bankr.Inst. J. 14 (2008); but see *In re Davis*, 343 B.R. 326, 328 (Bankr.M.D.Fla.2006). Here, the Debtor's plan provides for a balloon payment at or near completion of the plan. By its very terms, the balloon payment is not equal to the preceding payments and therefore it is prohibited by § 1325(a)(5)(B)(iii)(I).

The court elected to follow *Hamilton*, which at the time was the only reported appellate case on the issue.[1] The debtors now seek reconsideration, relying on two bankruptcy court decisions, *In re Hill*, 397 B.R. 259 (Bkrtcy. M.D.N.C. 2007), and *In re DeSardi,* 340 B.R. 790 (Bkrtcy. S.D. Tex. 2006). However, neither of these cases dealt with a balloon payment due four years after confirmation. Both cases merely held that §1325(a)(5)(B)(iii)(I) is not violated merely because a few "adequate protection" payments were made before regular monthly payments stretching out for a period of years began. To the extent not distinguishable, the court does not find them persuasive.

---

[1] The district court in *In re Rivera*, 2008 WL 1957896 (N.D.Ill.2008), has reached the same conclusion.

2

The debtors' plan calls for monthly interest-only payments for four or five years, with a balloon at the end. Their argument is that the interest payments are "adequate protection payments" and not "periodic payments." The court declines their invitation to engage in this sophistry; payments are payments.[2]

Nor is the court swayed by the debtors' appeal to ignore the intent of Congress in the light of current economic conditions. It is up to Congress to change the law, if it so wills. The road to judicial hell is certainly paved with well-intentioned disregard for the law.

Since the debtors have asked for reconsideration, it may be appropriate to consider balloon payment plans in general and the reason Congress added § 1325(a)(5)(B)(iii)(I). In all but very rare instances, such plans are both illusory and speculative.

Before 2005, the court over the years confirmed hundreds, or maybe even thousands, of balloon payment Chapter 13 plans. The court doubts that even a dozen of these cases was actually performed. Debtors retained the absolute right to dismiss, and always exercised the right when a creditor or the Chapter 13 trustee demanded performance.[3] In some cases, the debtors did refinance outside Chapter 13 so that at least the secured creditor was paid. In many cases, the promise to sell or refinance was conveniently forgotten. In the worst cases, tolerated in far too many jurisdictions, the debtors merely filed new Chapter 13 cases and asked for another four or five illusory years. This abuse was undoubtedly one of the reasons Congress enacted § 1325(a)(5)(B)(iii)(I).

Moreover, there is simply no way that a debtor can show that a sale or refinance which cannot

---

[2] The court in *Hamilton* did not buy this argument either, noting that "The Debtor's argument is an invitation to the Panel to elevate form over substance by allowing the Debtor to sidestep statutory requirements by attaching a label to his plan payments other than the one that actually applies." 401 B.R. at 543.

[3] In argument, debtor's counsel noted that the right to dismiss is less absolute than it used to be in light of *In re Rosson*, 545 F.3d 764 (9th Cir. 2008). Significantly, he did not argue that his clients' request for dismissal would be bad faith. The court is under no illusion that the debtors would actually perform their plan if it were to be confirmed.

3

1  be done today will be feasible in four or five years.  Before the real estate market crashed, the debtors
2  attempted to show feasibility by arguing that real estate prices always rise.  Now that they have
3  fallen, debtors argue that the market is low so it is bound to rise.   Past performance is no guarantee of
4  future results.   There is no way the court can make the finding,  required by  § 1325(a)(6), that the
5  debtors will be able to comply with the plan based on these specious arguments.  In the face of
6  objection, the court would not confirm this plan even if § 1325(a)(5)(B)(iii)(I) did not exist.

      For the foregoing reasons, the request for reconsideration will be denied.  Counsel for GMAC shall submit an appropriate form of order.[4]

Dated: July 2, 2009

                                                      Alan Jaroslovsky
                                                      U.S. Bankruptcy Judge

---

[4]The debtors ask for leave to file an amended plan, which is not necessary.  The court has only sustained an objection to confirmation.  The debtors have the right to propose a different plan pursuant to  § 1307(c)(5), since the court has not ordered the case dismissed.

4